UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID ANTHONY EYLAR, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:17-cv-1244-NCC |
| JAMES HURLEY, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner David Anthony Eylar's response to this Court's order to show cause. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). The petition for writ of habeas corpus will be dismissed.

On December 18, 2014, petitioner pled guilty to driving while intoxicated, and was sentenced to ten years' imprisonment. He filed the instant petition for writ of habeas corpus on March 16, 2017. Therein, he indicated that he was challenging the judgment of conviction entered on December 18, 2014 by the Circuit Court of Platte County, Missouri. (Docket No. 1 at 1). This Court conducted preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and determined that the petition had been filed after the expiration of the limitations period set forth in 28 U.S.C. § 2244(d). This Court then ordered petitioner to show cause why the petition should not be dismissed as untimely.

In response, petitioner denied that the petition was based upon the 2014 judgment of conviction, and stated that it was instead based upon "the January 20, 2017 Order of The Honorable Chris Kunza Mennemeyer which dismissed Petitioner's Rule 91 state habeas corpus

1

challenging" the 2014 conviction. (Docket No. 5 at 1). Petitioner argues that "Judge Mennemeyer violated Petitioner's federal constitutional rights of due process when she issued an Order dismissing his writ without allowing him to file a timely response to the state's answer in violation of Mo.Sup.Ct.R. 91.12." (*Id.* at 1-2). Petitioner concludes that, because he is challenging a January 20, 2017 order, the one-year limitations period has not expired and the instant petition is timely. He asks this Court to reverse the January 20, 2017 state court order, and direct the state court to give him a full and fair hearing on his Rule 91 petition for writ of habeas corpus.

Petitioner's claim regarding the state court's treatment of his state habeas petition is collateral to his conviction and detention, and is therefore not cognizable in these proceedings. *See Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (a claim regarding an infirmity in a state post-conviction proceeding "is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition"); *Williams v. State of Mo.*, 640 F.2d 140, 143-44 (8th Cir. 1981) (noting that errors or defects in state post-conviction proceedings do not raise constitutional questions cognizable in a federal habeas corpus proceeding); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas relief").

Therefore, to the extent petitioner can be understood to challenge an infirmity in his state habeas proceedings, the instant petition is subject to dismissal because it fails to raise a constitutional question cognizable in federal habeas proceedings. To the extent petitioner can be understood to challenge his 2014 state court judgment, the instant petition is subject to dismissal because it is untimely, and petitioner presents no grounds warranting the application of equitable tolling.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Fleiger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner David Anthony Eylar's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate order of dismissal will be entered herewith.

Dated this 14th day of June, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE